1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9  LAUSTEVEION DELANO JOHNSON,

10      *Petitioner*,                                    2:08-cv-01363-JCM-RJJ

11
    vs.                                                 ORDER
12

13  DWIGHT NEVEN, *et al.*,

14      *Respondents*.

15

16      This represented habeas matter under 28 U.S.C. § 2254 comes before the court on

17  petitioner's motion (#48) "for a status check," which has been filed under seal.

18      While the court understands and appreciates counsel's underlying effort to move

19  the case forward within the time parameters previously laid out by the court, the motion will

20  be denied without prejudice.

21      First, petitioner has not properly presented the court with motions seeking the relief

22  ultimately sought.  In the motion, petitioner requests a "status check" to seek an order

23  amending the prior protective order and to seek an extension of time to file an amended

24  petition.  There is no motion to amend the prior protective order before the court.  There is

25  no motion for an extension before the court.  In the prayer in the motion, petitioner

26  requests that the court set the matter for a status conference and "[g]rant such other relief

27  as is just and equitable."  Petitioner needs to file motions requesting the relief sought.  If

28  further collateral relief is sought with regard to the motions – such as, *e.g.,* a status

conference, expedited briefing and consideration, or oral argument – counsel should file a separate motion seeking such collateral relief.

Second, a request for a status *check* is a request to the court to check on the status of a previously-pending matter under submission.  A request for a status *conference* instead seeks to have a conference scheduled with the court and counsel.  Pursuant to Local Rule LR 7-6(b), requests for a status check are to be made by letter rather than motion, if  a matter has been submitted without action for sixty days.  When more prompt action is required, it is the court's preference that requests in this regard be made by a motion for expedited consideration rather than by telephone call.

Third, the court generally would prefer in habeas matters to proceed on the briefing of written motions, rather than to manage the case via status conferences.  With electronic docketing, subject to the discussion below, every filing reaches the court and its staff promptly upon filing.  A reviewing court can determine from the face of the docket sheet what was requested on what showing, and what was decided on what basis, far more quickly and with more certainty when it reviews orders on written motions.  Conversely, action that is memorialized in a status conference order that was taken without regard to a specific pending motion, based upon discussion that may not necessarily be fully memorialized in the order, is not always subject to such quick and clear determination when viewed much later in a case.  Accordingly, the court generally prefers to issue written orders on specific written motions rather than hold status conferences on multiple topics that are not the subject of  actual pending motions that have been fully briefed by both sides.

Finally, counsel may wish to note that the current electronic docketing system limits the distribution within the court of notices of filing of sealed filings.  The staff attorneys, in particular, do not receive a notice of such a filing.[1]  Counsel may consider the advisability

---

[1]Ultimately, this aspect of CM/ECF will be changed, but it cannot be changed at present. Determining the existence of a sealed filing without a notice of filing is analogous to the proverbial search for a needle in a

(continued...)

1    of filing an unsealed notice or letter advising of the sealed filing along with the sealed

2    filing.

3              The court will deny the present motion without prejudice and will extend petitioner's

4    deadline for filing an amended petition to allow petitioner sufficient time to instead present

5    his requests by specific written motion that then are fully briefed prior to action by the

6    court.  While the court is endeavoring to resolve all aspects of this matter by March 31,

7    2012, it would appear from preliminary review of the present motion that such may well not

8    be possible if the court ultimately grants the relief sought following briefing and

9    consideration.

10             With further regard to potential modification of the protective order, petitioner

11   should address in any motion filed the relationship between the breadth of dissemination

12   of the documents in question and potential prison security issues.  If the modification

13   sought ultimately would result in documents pertaining to other inmates being seen by Mr.

14   Hall and/or by other inmates in other cases, there may be internal prison security issues

15   attending such dissemination.  The court understands in this regard that Mr. Wiideman

16   himself has passed away.  The court's concern more is with regard to information

17   potentially being in the hands of one living inmate regarding another living inmate.  This

18   concern currently is addressed in the protective order, see #27, at 7; and the court is

19   inclined to extend such measures to any use of the documents in other proceedings by

20   other inmates seeking to present similar issues.

21             IT THEREFORE IS ORDERED that petitioner's motion (#48) styled as a motion for

22   status check is DENIED without prejudice.

23             IT FURTHER IS ORDERED that the time for petitioner to file an amended petition,

24   or seek other appropriate relief, is extended up to and including fourteen (14) days after

25   entry of this order.  Petitioner may reference the sealed exhibits filed in support of the

26

27

28
          [1](...continued)
     haystack, but with the sealed "needle" often appearing just like another unsealed "straw" on the report.

1    present motion in a subsequent motion without the necessity of refiling the exhibits.

2              DATED:   December 12, 2011.

3

4

5    _____

6    JAMES C. MAHAN
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -4-