# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAUSTEVEION DELANO JOHNSON,

    *Petitioner*,

vs.

DWIGHT W. NEVEN, *et al.*,

    *Respondents*.

2:08-cv-01363-JCM-RJJ

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the court for initial review of the amended petition (#58).

    The court generally waits for receipt of the petitioner's verification before proceeding to screening, which at the time of a recent review had not yet been filed. This case, however, already is past the three-year mark for purposes of reporting under the Civil Justice Reform Act (CJRA). The court accordingly will proceed to the next step without waiting for a verification, subject to the remaining provisions herein. If petitioner still has not filed a verification by the time that respondents file their response as directed herein, then respondents may raise that defect along with the remainder of their response.

    As when the court reviewed the case initially, there are a number of potential across-the-board defenses reflected in screening of the counseled amended petition. The court, subject to review in each particular case, generally disfavors serial presentation of defenses across multiple motions to dismiss, particularly in a case that already is CJRA-reportable. In this particular case, however, the exhaustion issue potentially is the least fact-intensive of the

1 potentially across-the-board defenses, some of which potentially might call for an evidentiary
2 hearing.¹  The court finds, the extended age of this matter notwithstanding, that the most
3 focused and efficient approach at this juncture would be to direct a response presenting any
4 exhaustion defense raised by respondents, as well as the verification issue noted above if still
5 a concern.  In the less likely event that respondents decline to pursue an exhaustion defense,
6 the court then promptly will issue an order resetting the matter for a response.

7     IT THEREFORE IS ORDERED that, within **thirty (30) days** of entry of this order,
8 respondents shall file either a motion to dismiss for lack of exhaustion or a notice reflecting
9 their intent not to pursue such a defense.  All other defenses, including procedural defenses
10 or merits defenses, are deferred to a later response except that respondents may, but are not
11 required to, raise in the current response: (a) any lack of verification still then at issue; and/or
12 (b) argument that an allegedly unexhausted claim or claim also is subject to dismissal under
13 28 U.S.C. § 2254(b)(2) specifically under the standard for dismissal under § 2254(b)(2) set
14 forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

15     IT FURTHER IS ORDERED that the response and reply to a motion to dismiss filed
16 in response to this order shall be filed per the normal deadlines in the local rules.

17     **From this point forward, requests for extension of time will be considered only**
18 **in the most compelling of circumstances.**

19     DATED April 13, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

¹The court notes in this regard that review of the online docket sheet of the state supreme court reflects that that court has directed petitioner to show cause why the appeal of the denial of petitioner's state post-conviction petition should not be dismissed for lack of jurisdiction due to an untimely notice of appeal.  Petitioner relies upon said petition in full or in part for exhaustion of claims in the federal amended petition.  The court is not inclined to defer consideration of any exhaustion issue raised pending a decision by the state supreme court on the show-cause inquiry, and this court will not grant an extension herein based upon the pendency of such proceedings in the state supreme court.