# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAUSTEVEION DELANO JOHNSON,

    *Petitioner*,

vs.

DWIGHT NEVEN, et al.,

    *Respondents*.

2:08-cv-01363-JCM-RJJ

ORDER

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 26, 2012, the court granted respondents' motion to dismiss the petition as wholly unexhausted (ECF #70), and judgment was entered (ECF #71). Petitioner, through counsel, filed a notice of appeal (ECF #72).

    On March 30, 2015, the Ninth Circuit Court of Appeals reversed and remanded in part, concluding that no further exhaustion is required with respect to grounds 1, 2 and 4 (ECF #82). The Ninth Circuit upheld this court's determination that ground 3 is unexhausted, and therefore, the Court stated that petitioner presents a mixed petition. *Id*.

    A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In light of the Ninth Circuit's decision that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner, through counsel, has these options:

    1.    He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

  2.  He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

  3.  He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he is required to show good cause for his failure to exhaust his unexhausted claim in state court, and to present argument regarding the question whether or not his unexhausted claim is plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his

unexhausted claim.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

Dated May 18, 2015.

_____
UNITED STATES DISTRICT JUDGE